BEFORE THE THIRD DIVISION, FEBRUARY 9, 1949

**No. 52874.**—Renzo Norsa *v.* United States, protest 124730–K (Norfolk).

JOHNSON, Judge: This action involves the duty assessed upon a diamond and a setting for a woman's ring from which the diamond had been separated. The

collector at the port of Norfolk, Va., levied duty upon the separate parts of the ring as jewelry, an entirety, at the rate of 60 per centum ad valorem under the provisions of paragraph 1527 (a), Tariff Act of 1930, as modified by the trade agreement with France, T. D. 48316. The plaintiff claims that no duty should have been assessed as the ring was his property which he brought to this country from abroad.

At the trial the plaintiff testified substantially as follows: In the year of 1938, he came to the United States as a refugee from Italy, where he was compelled to leave the majority of his property. He is now a citizen and resident of the United States. His brother who resides in Italy purchased for him the ring at issue with some of his own funds still remaining in Italy. When plaintiff returned from a trip to Italy at a subsequent date, where he had gone upon business, he brought the ring back with him. Before the ship docked at Norfolk, however, he removed the diamond from the setting in the hope that it would be admitted free or at a lower rate of duty.

The plaintiff contends that he made entry in perfectly good faith. As an argument in favor of the free admission of the merchandise, he stressed the fact that when he entered the United States for the first time, free entry was accorded the articles he brought with him.

The Government contends that the jewelry in question should not be considered as personal effects subject to free entry under paragraph 1798 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, for the reason that the setting is suitable only for use of a woman and not for the use of the returning resident. It is further contended that under the law the ring is in fact an entirety, and therefore properly dutiable as assessed by the collector.

The diamond and mounting at bar were part of the articles declared in the baggage declaration of the plaintiff, numbered 98555, filed February 25, 1946. The loose diamond was valued in the declaration at $300 and the mounting at $10. The remaining articles declared were valued at $21.75. Upon such declared value, the returning resident was granted an exemption of $100, in accordance with the provisions as cited in paragraph 1798, *supra*. Upon the balance, $231.75, which embraced only a part of the value of the diamond and mounting, duty was assessed at the 60 per centum rate.

It is apparent, therefore, upon the face of the entry papers that the plaintiff has received all that he is entitled to under the law as a returning resident. At the time of his return, he was not in the status of an immigrant entering the United States, and therefore no longer was entitled to bring in free of duty his personal and household effects. But even if he were so privileged, the personal property in question would not come within the definition of the articles entitled to free entry, as the statute clearly limits the same to—

\* \* \* include only such articles as were actually owned by them and in their possession abroad at the time of or prior to their departure from a foreign country, and as are necessary and appropriate for the wear and use of such persons and are intended for such wear and use, and shall not be held to apply to merchandise or articles intended for other persons or for sale: \* \* \* .

The ring in question was purchased subsequent to the time the plaintiff emigrated from Italy. Being a woman's ring, it was neither necessary nor appropriate for his wear and use.

The only remaining question is whether the articles were properly assessed as being an entirety. In the case of *United States* v. *Kronfeld, Saunders, Inc.*, 20 C. C. P. A. 57, T. D. 45679, the importation involved a bracelet mounting and 234 diamonds. The bracelet mounting contained 234 holes suitable for the insertion of the diamonds. The appellate court held that the articles were properly assessed for duty as an entirety. The court stated:

* * * that when two or more parts of an article are shipped together and are intended to be used together as one article, and by mere assembly they are made into one article, they shall be regarded as entireties for tariff purposes. * * *

Inasmuch as all merchandise brought into the United States is subject to duty, unless especially exempted therefrom under the statute, and as the merchandise in question falls within the class of articles subject to a duty of 60 per centum ad valorem, this court is constrained to enter judgment in favor of the Government.

It is so ordered.